# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 98-273 |
|---|---|---|
| v. | : | |
| ANDRES MARTINEZ-HERNANDEZ | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                          **December 6, 2012**

      Petitioner, Andres Martinez-Hernandez, was sentenced by District Judge Franklin Van Antwerpen to a prison term of 300 months on January 11, 1999. His appeal to the Third Circuit was dismissed on September 9, 1999. He then filed a timely *pro se* motion pursuant to 28 U.S.C. § 2255. That motion was denied on June 27, 2001 for lack of merit. *United States v. Martinez-Hernandez*, 2001 WL 872766, *13 (E.D. Pa. June 27, 2001). The Third Circuit denied his request for a certificate of appealability. Almost five years later, on March 13, 2006, his petition to file a second or successive § 2255 motion was denied.

      Now, thirteen years after his sentence was imposed, petitioner has filed a Motion to Correct Sentence (Doc. No. 75) and a Motion for Relief From Judgment under Rule 60(b)(6) (Doc. No. 81). Both motions raise the same argument -- that his sentence was improperly enhanced.[1] Specifically, he challenges the classification of his prior state criminal convictions as predicate felony robbery offenses used to classify him as an armed career criminal as defined in U.S.S.G. §4B1.1.

---

[1] Because the motions make the same argument and rely upon the same law, we shall treat them as one.

Petitioner claims that he is entitled to relief under Rule 60(b)(6). However, he appears to seek relief under Rule 60(b)(2), contending that a 2008 Supreme Court case, *United States v. Rodriguez*, 553 U.S. 377 (2008), and a Fourth Circuit case, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), establish new law supporting his argument.

Relying on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and *United States v. Rodriguez*, 553 U.S. 377 (2008) as "newly discovered evidence", petitioner argues that his sentence enhancement was improper. His reliance on these cases is misplaced. He misapprehends the holdings in those cases and misapplies the facts of those cases to his sentence. Contrary to his understanding, neither case supports his argument that his prior convictions were for theft and not robbery. In any event, whether the convictions were for robbery or theft, his prior convictions were punishable by a prison sentence of more than one year.

*Rodriguez* addressed whether a district court may apply a mandatory minimum sentence based on its own, rather than the state court's, determination that the defendant is a recidivist under state law, resulting in an increase in the maximum sentence the defendant would have faced for a state law correction. In petitioner's case, his federal sentence was enhanced because his prior convictions qualified under U.S.S.G. § 4B1.1, not his status as a recidivist.

Petitioner also alleges ineffective assistance of counsel "for failure to investigate the sentencing guidelines." Petr.'s Br. 2. Presumably, petitioner is arguing that his attorney failed to object to the sentencing guidelines at the time of sentencing. This is the same argument he made in his first §2255 motion filed twelve years ago. That motion was denied on the merits.

2

## Petitioner's Motions Are Untimely

Petitioner's motion under Rule 60(b)(6) is untimely. Rule 60(b)(6) is a catch all provision. Motions under this rule are subject to the requirement that a petitioner file his motion "within a reasonable time..." Fed. R. Civ. P. 60(c). A petitioner may not use Rule 60(b)(6) "as a catchall to avoid the one-year limitation [of Rule 60(c)]." *Martinez v. Wynder*, No. 08-0046, 2010 WL 39246, at *4 (E.D. Pa. Jan. 22, 2010) (quoting *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971)). A motion filed under Rule 60(b)(6) more than one year after final judgment is generally untimely unless "exceptional circumstances" justify the delay. *Ackerman v. United States*, 340 U.S. 193, 202 (1950).

Petitioner offers no excuse for the delay in filing his present 60(b)(6) motion. Hence, it is not timely.

A court may correct a sentence within 14 days. Fed. R. Crim. P. 35(a). After that time, it can only do so upon motion of the government. Fed. R. Crim. P. 35(b). Thus, his motion to correct his sentence is untimely.

In this case, more than thirteen years have passed since judgment was final. Petitioner has not alleged any exceptional circumstances that justify this inordinate delay. Therefore, the motions are untimely.

## Petitioner's 60(b) Motion is a Successive Petition

Petitioner's 60(b) motion is a veiled successive habeas motion. Rule 60(b) may not be used to challenge a petitioner's underlying conviction after his habeas petition attacking the same conviction has been denied. It is not a substitute for appeal. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). In other words, a petitioner cannot relitigate the merits of his habeas petition

under the guise of a Rule 60(b) motion.

Where the Rule 60(b) motion is a second habeas petition, the petitioner must seek approval from the Court of Appeals. *Benchoff v. Colleran*, 404 F.3d 812, 820 (3d Cir. 2005). Absent such authorization, the district court is not permitted to consider the merits of the subsequent petition. 28 U.S.C. §2244(b)(3)(A).

A determination whether the Rule 60(b) motion is a "second or successive" habeas petition turns on whether the petitioner is attempting to relitigate the merits of his earlier habeas petition or underlying conviction, or is attacking the "manner in which the habeas judgment was procured . . . ." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Where the motion is a renewed argument of issues decided in a previous habeas action, it is successive. *Id*. Where it challenges the integrity of the habeas proceedings, it is not a successive petition and may be considered. *Id.* Thus, the distinction between a substantive attack on the underlying conviction and a structural attack on the habeas proceeding itself. *Id*.

To avoid the bar against a "second or successive" petition, a petitioner may not couch his claims of error in his state court judgment in the language of a Rule 60(b) motion for relief from judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). We must look beyond the label and examine the contents of the motion to determine what the petitioner actually challenges.

Here, Petitioner focuses on the substance of his underlying conviction and sentence. He does not challenge the process. Instead, he contends that his sentence was improperly enhanced and that his counsel was ineffective. Petitioner already made these claims. In ruling on petitioner's first § 2255 petition, Judge Van Antwerpen summarized

4

petitioner's claims: "Petitioner sought relief on the following grounds [under §2255]: (1) his indictment was obtained by the use of perjured testimony; (2) he is actually innocent; (3) he was denied trial transcripts; (4) *his sentence was improperly enhanced*; (5) *counsel was ineffective at trial and upon direct appeal*." *United States v. Matinez-Hernandez*, 2001 WL 872766 (E.D. Pa. June 27, 2001), at *1 (emphasis added). Those claims were denied by Judge Van Antwerpen. *Id.* at *7 and 8.

Petitioner cannot now couch his original claims in a Rule 60(b) motion in order to relitigate these issues. Thus, because he has not obtained authorization from the Third Circuit Court of Appeals to file a §2255 successive petition, his motion will be dismissed.
...

O:\Criminal\Criminal Cases\98cr0273\Martinez Hernandez Memorandum.FINAL.120512.wpd